UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOHN SKORUPSKI,

    Plaintiff,

v.                                                      Case No. 8:22-cv-0627-JSM-AEP

RICK WELLS, et al.,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

This cause comes before the Court upon Defendants' Motion to Quash Service (Doc. 107). By the Motion, Defendants seek to quash service and appearance should be quashed on behalf of Defendants Kendrick Folson, Marie Mueller, Nurse Gilbert, and Regina Johnson and that Plaintiff be directed to effect proper service on these individuals. Plaintiff has failed to file a response in opposition to the instant Motion, notably after this Court notified Plaintiff to timely respond (Doc. 109). The time to respond has passed; therefore, the Motion is deemed unopposed. *See* Local Rule 3.01(c). For the reasons stated in the Motion and set forth below, it is recommended that Defendants' Motion be GRANTED.

Defendant Armor Correctional Health Services, Inc. in the Motion argues that service should be quashed because it was improperly accepted by Armor's Assistant General Counsel on behalf of ex-employees that were not notified of this lawsuit or unable to be identified by Armor (Doc. 107, at 2). Armor asserts that it did not have

authority to accept service on behalf of its ex-employees (Doc. 107, at 2). Moreover, Armor claims that it was in fact unable to identify any record of employment for Defendants Nurse Gilbert and Kendrick Folson (Doc. 107, at 2–3). Accordingly, Armor requests that service be quashed as to Defendants Kendrick Folson, Marie Mueller, Nurse Gilbert, and Regina Johnson because those individuals were at most former employees of Armor at the time of service, and thus, Armor's Assistant General Counsel did not have the authority to accept service on their behalf (Doc. 107, at 3).

Under the Federal Rules of Civil Procedure, service on an individual may occur by: (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; (2) delivering a copy of the summons and complaint personally; (3) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or (4) by delivering a copy of each to an agent authorized by appointment or by law to receive service of process. Fed. R. Civ. P. 4(e). Florida law allows service on an individual by delivering a copy of the summons and complaint: (1) to the person named; (2) to the individual's usual place of abode with any person residing therein who is age 15 or older and informing that person of the contents; (3) by substitute service to the person's spouse; (4) by substitute service to the person in charge of the individual's business at the time of service, if two or more attempts to serve the owner have been made at the place of business, and if the individual is doing business as a sole proprietorship; or (5) on an authorized agent. Fla. Stat. Ann. §§ 48.031, 48.151.

At its core, "[s]ervice of process is a jurisdictional requirement: a court lacks jurisdiction over the person of a defendant when that defendant has not been served." *Pardazi v. Cullman Med. Ctr.*, 896 F.2d 1313, 1317 (11th Cir. 1990). "Upon a showing of insufficient service of process, Fed. R. Civ. P. 12(b)(5) provides district courts with the authority to either dismiss the complaint or to quash the service and require the plaintiff to re-attempt service of process." *Smith v. Conner*, No. 8:12-CV-52-T-30AEP, 2013 WL 268685, at *2 (M.D. Fla. Jan. 24, 2013) (internal citation and quotation marks omitted).

Here, this Court finds that the service upon Defendants Kendrick Folson, Marie Mueller, Nurse Gilbert, and Regina Johnson was improper. Further, this Court cannot at this time identify any prejudice that would arise from quashing the insufficient service and allowing Plaintiff to perfect service upon Defendants Kendrick Folson, Marie Mueller, Nurse Gilbert, and Regina Johnson. *See id.* Accordingly, it is proper for service and appearance on behalf of those Defendants to be quashed.

For the foregoing reasons, it is hereby

RECOMMENDED:

1. Defendants' Motion to Quash Service (Doc. 107) be GRANTED.
2. Plaintiff has 60 days from the date of this Court's Order to execute proper service on Defendants Kendrick Folson, Marie Mueller, Nurse Gilbert, and Regina Johnson.

**IT IS SO REPORTED** at Tampa, Florida this 8th day of April, 2024.

                                                                _____
                                                                ANTHONY E. PORCELLI
                                                                United States Magistrate Judge

## NOTICE TO PARTIES

A party has fourteen days from the date they are served a copy of this report to file written objections to this report's proposed findings and recommendations or to seek an extension of the fourteen-day deadline to file written objections. 28 U.S.C. § 636(b)(1)(C). A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636(b)(1). **Should the parties wish to expedite the resolution of this matter, they may promptly file a joint notice of no objection.**

cc:    Hon. James S. Moody, Jr.
       Counsel of Record